IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

COLUMBIA RIVER GORGE RESORT,   )
LLC,   )
  )
      Plaintiff,   )  TC-MD 150365N
  )
  v.   )
  )
WASCO COUNTY ASSESSOR,   )
  )
      Defendant.   )  **FINAL DECISION OF DISMISSAL**

This Final Decision incorporates without change the court's Decision of Dismissal, entered December 16, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* TCR-MD 16 C(1).

Plaintiff filed its Complaint on June 29, 2015, challenging the real market value of property identified as Accounts 376 and 1522 (subject property) for the 2012-13, 2013-14, and 2014-15 tax years. Account 1522 included land and improvements and Account 376 included land only. (Ptf's Compl at 3-4.) Plaintiff filed its appeal pursuant to ORS 305.288 and alleged a real market value 78.32 percent less than the tax roll real market value for the 2012-13 tax year, and 78.39 percent less for the 2013-14 and 2014-15 tax years. (*See id.* at 2.)

On July 24, 2015, Defendant filed its Answer, Motion to Dismiss, and Motion to Make More Definite and Certain (Motion). In its Motion to Make More Definite and Certain, Defendant requested that Plaintiff "make more Definite and Certain that Plaintiff has had an interest in the [subject property] for each year being appealed * * *." (Def's Mot at 2.) Plaintiff presented evidence of its ownership interest in the subject property. (*See* Ptf's Br at 2.) Defendant presented no rebuttal evidence or arguments in response to Plaintiff's evidence. The court concludes that Defendant's Motion to Make More Definite and Certain has been resolved.

In its Motion to Dismiss, Defendant argued that the court lacks jurisdiction to consider Plaintiff's appeal under ORS 305.288(1) because the subject property is commercial.[1] (Def's Mot at 1.) Defendant argued that the court lacks jurisdiction to consider Plaintiff's appeal under ORS 305.288(3) because Plaintiff did not identify "good and sufficient cause" for its failure to timely appeal. (*Id.*) During the case management conference held on August 10, 2015, the parties agreed to a briefing schedule to address Defendant's Motion to Dismiss.

## I. STATEMENT OF FACTS

Defendant's authorized representative, Darlene K. Lufkin (Lufkin), sent Plaintiff's authorized representative, Steven Anderson (Anderson), proposed stipulated facts and Anderson responded that he agreed to three of them, numbers 1, 2, and 3. (Def's Ltr at 5, Sept 8, 2015.) The parties agreed that the subject property is located in Wasco County; "consists of two accounts for fire patrol assessment"; and includes "a total acreage of 148.96 acres." (*Id.* at 3.) Plaintiff filed Exhibits labeled A through I and Rebuttal Exhibit B. Defendant filed Exhibits labeled A through F.

A.      *Subject Property Land and Improvements*

Anderson described the subject property as two "adjoining tax lots * * * comprising [] a single family home of 880 square feet built in 1972 * * *." (Ptf's Br at 1.) He wrote that "[t]he current use is F-2 (farming) and the [subject] property would have to abide by that zoning." (*Id.* at 2.) Anderson wrote that the subject property's previous owners received a conditional use permit and "constructed a motorhome campground originally known as American Adventure. It was believed to have started in 1984 and was open until 2002." (*Id.* at 1.) He described some of

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

the subject property's improvements, including "RV pads supported by electrical, water and paved roads to the campsites" and "a clubhouse with an inground pool * * *." (*Id.*)

Anderson provided an email dated June 30, 2011, from the Wasco County Planning Department including notes on the subject property.[2] (Ptf's Ex G.) The email stated that an "RV park was approved over 20 years ago * * * and was being used until 7 years ago." (*Id.*) It further stated that the subject property was "F-2 (80) Zone." (*Id.*) The email noted the existence of "a number of existing structures" and "a caretaker living there now." (*Id.*)

Lufkin disagreed with Anderson that the subject property is "two adjoining tax lots," and asserted that it "is one tax lot, with two accounts for the Fire Patrol District." (Def's Resp at 1.) She acknowledged that the subject property included a "home structure," but wrote that Anderson "fail[ed] to note the numerous and substantial [other] improvements." (*Id.* at 2.) Lufkin wrote that the subject property is zoned F2-80 Forest. (Def's Br at 1.) She wrote that "[t]he Subject Property was constructed and used as a full service Commercial Recreational Resort in or around 1979" and had "not changed in character since that time * * *." (*Id.*)

Lufkin wrote that Defendant "classified the Subject Property as 'Commercial' " for the years at issue. (Def's Br at 2; Def's Ex A.) She wrote that the subject property

> "contain[ed] commercial facilities including, but not limited to: a registration office, numerous storage sheds, detached restrooms, a detached shower and laundry facility, a recreation building including a pool and spa, tennis courts, a PAR 3 Golf Course and a miniature golf course, a sewage treatment building, a 28,000 gallon water storage tank, a clubhouse and other recreational amenities associated with a commercial recreational development clearly not for residential purposes."

(*Id.* at 3; *see also* Def's Ex C (subject property photographs).) Lufkin provided a two-page, undated brochure for American Adventure's Columbia River Gorge Resort, depicting a

---

[2] The email is regarding property identified as "2N 12E 19 100." (Ptf's Ex G.) According to the subject property's tax statements, that is the subject property. (*See* Compl at 3-4.)

campground with over 150 sites and the amenities described by Lufkin, as well as some facility rules. (Def's Ex C at 18-19.) She noted that the "Loop Net Land for Sale associated with the Subject Property created on August 6, 2013, * * * clearly denotes: 'Property Type: Commercial/other.' " (Def's Br at 3, Def's Ex D.)

B.       *Expiration of Conditional Use Permit*

Anderson wrote that, "[a]ccording to Wasco County Planning, the conditional use permit automatically cancels if the property is not in use for 12 consecutive months." (Ptf's Br at 1, Ptf's Ex D.) Lufkin acknowledged that the Wasco County Planning Department issued a "preliminary finding" on July 14, 2015, regarding an expired Conditional Use Permit. (Def's Br at 3; *see also* Def's Ex B at 14-15.) She provided an email dated July 14, 2015, from the Wasco County Planning Department that stated,

> "the [conditional use permit] for 'American Adventure' expired years ago. To re-start the campground they have to meet current regulations for a campground. Unfortunately, they would not be able to use some of the existing buildings under current [regulations]. Though they might be able to meet the standards, no one has pursued an application."

(Def's Ex B at 11.) Lufkin argued that the permit expiration "is not, alone, indicative of [a] change in classification" and that the "commercial" classification is accurate. (Def's Br at 3.)

## II. ANALYSIS

The issue in this case is whether the court has jurisdiction to consider Plaintiff's appeal under ORS 305.288(1).[3] That statute states,

> "(1) The tax court shall order a change or correction applicable to a separate assessment of property to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax years, or for any or all of those tax years, if all of the following conditions exist:

---

[3] The court does not consider the applicability of ORS 305.288(3) because Plaintiff did not offer any allegation or evidence of "good and sufficient cause" for its failure to pursue the statutory right of appeal.

"(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling (or is vacant) and was and is a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home.

"(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."

There is no dispute in this case that Plaintiff meets the criteria in subpart (b); Plaintiff's alleged real market values differ from the tax roll real market values by more than 20 percent for each of the tax years at issue. The only issue is whether the subject property qualifies under subpart (a). ORS 305.288(1)(a) includes two requirements: First, the subject property "was or is used primarily as a dwelling (or is vacant)"; and, second, the subject property "was and is a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home."

A.    *Whether the Subject Property Was or Is Used Primarily as a Dwelling*

Under ORS 305.288(1)(a), the subject property must have been used as a dwelling during the tax years at issue, or previously, as indicated by use of the words "was or is" in the statute. The statute does not define the term "dwelling." *Webster's Dictionary* defines "dwelling" as "a building or construction used for residence: ABODE, HABITATION." *Webster's Third New Int'l Dictionary,* 706 (unabridged ed 2002).

The court first considers whether the subject property was used as a dwelling during any of the tax years at issue. Anderson asserted that the subject property has been "abandoned" since at least 2004. He wrote that the "current use" of the subject property was "farming," but presented no evidence of anyone farming the subject property.[4] The June 2011 email from the

---

[4] Anderson's reference may have been to an allowed use under the subject property's zone.

Wasco County Planning Department referenced a caretaker that lived on the subject property at that time. The court received no additional evidence that anyone resided at the subject property. The subject property was owned by a limited liability company. There is no evidence to suggest that the company used the subject property as a dwelling or residence. The court concludes that the subject property is best characterized as vacant during the tax years at issue.

The court next considers the use of the subject property prior to the tax years at issue. The parties agreed that until around 2002 the subject property was used as recreational vehicle (RV) campground by American Adventure with over 150 sites and amenities including storage sheds, restrooms, laundry, a pool and spa, tennis courts, golf courses, a clubhouse, water storage, and sewage treatment. The court did not receive any evidence describing American Adventure's operations. Typically, however, campgrounds offer guests short term rentals of designated camp sites. In a sense, a campground is used as a short term dwelling. However, ORS 305.288(1)(a) specifies that only specific types of dwellings qualify.

B.      *Whether the Subject Property was a Single-Family Dwelling, a Multifamily Dwelling of Not More Than Four Units, a Condominium Unit, a Manufactured Structure or a Floating Home*

Even if the court were to conclude that the subject property was previously used primarily as a "dwelling," the subject property is not one of the five dwelling types listed under the statute: "a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home." Anderson contends that the subject property is a "single-family dwelling" based on the fact that there is an 880-square foot house on the subject property. However, he ignores the numerous other improvements on the subject property and the fact that the last use of the subject property was as an RV campground, not as a single-family dwelling. No evidence was submitted to support a finding that the subject property was ever a single-family dwelling.

C.    *Property Classification and Conditional Use Permit*

In their written arguments and evidence, the parties focused primarily on the subject property's classification, zoning, and the expired conditional use permit. Lufkin noted that the subject property is classified as commercial. Anderson responded that, due to the expiration of the conditional use permit, the subject property could not be used for commercial purposes such as the prior use as an RV campground. The court does not find those issues to be determinative.

"Property class" is a phrase defined by ORS 308.149(7) as "the classification of property adopted by the Department of Revenue by rule pursuant to ORS 308.215 * * *." Pursuant to ORS 308.215(1)(a)(C), "the assessor shall set down in the assessment roll according to the best information the assessor can obtain: * * * [t]he property class, in accordance with the classes established by rule by the Department of Revenue." The Department of Revenue's rule requires all classifications "be based upon highest and best use of the property[,]" but notes that "[t]he class associated with the property may or may not be its current use." OAR 150-308.215(1)-(A)(7)(a).[5]

ORS 305.288(1) makes no reference to "property class." Instead, that statute refers to use of the property as a "dwelling" and further identifies specific types of dwellings that qualify under the statute. If the legislature had wanted to limit the application of ORS 305.288(1) to properties classified as "residential" it could have done so. However, "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted * * *." ORS 174.010. Although the property class may be relevant to the determination of whether a

///

---

[5] References to OAR are to the Oregon Administrative Rules.

property was used a dwelling, it does not control the outcome. Similarly, allowable uses of the subject property under applicable zones or permits may be relevant, but are not determinative.

### III. CONCLUSION

After careful consideration, the court concludes that the subject property does not qualify as one of the dwelling types specified under ORS 305.288(1)(a). The court lacks jurisdiction to consider Plaintiff's appeal and grants Defendant's Motion to Dismiss. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

Dated this ____ day of January 2016.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on January 5, 2016.*